# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>COREY RAY PETTIT,<br><br>    Defendant. | Case No. CR-23-084-RAW |

## ORDER

Before the court is the Defendant's Motion to Dismiss Count One of the four-count Indictment [Docket No. 23], the Government's response thereto [Docket No. 26], and the Defendant's reply [Docket No. 36]. The Defendant is charged in Count One with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Counts Two and Three charge the Defendant with assault with a dangerous weapon, and Count Four charges him with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence. The Indictment also includes a forfeiture allegation calling for the surrender of all firearms and ammunition involved in the commission of the crimes charged.

Relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)[*] and a recent Order issued by Judge Frizzell in the Northern District of Oklahoma in *United*

---

[*] In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. *Bruen* struck down New York's proper-cause cause requirement for obtaining a firearm because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156. In reaching this conclusion, the Supreme Court directed that:

*States v. Forbis*, 23-CR-133-GKF (attached as Exhibit A to the motion to dismiss), the Defendant argues that Count One fails to state an offense because those statutes, as applied to him and Count One, violate the Second Amendment to the United States Constitution. He argues first that the Indictment does not specify the nature of his previous felony convictions as violent and second that the Indictment charges him with possession of only "one 'cartridge case.'"

"Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment." *United States v. Welch*, 327 F.3d 1081, 1089-90 (10th Cir. 2003). The Indictment is to "be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. *Id*. at 1090. The Indictment "is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

The Indictment in this case tracks the language of the statutes and includes all of the elements of the offenses charged. It puts him on notice of the charges against which he must defend and enables him to assert a double jeopardy defense. Furthermore, as Count One of the Indictment is a "plain, concise, and definite written statement of the essential facts constituting the offense charged," it is sufficient pursuant to Fed. R. Crim. P. 7(c). The Government informs

---

the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.
*Id*. at 2129-30.

the court that the predicate offenses are violent, but it does not list them.  In any event, as the court is limited to the four corners of the Indictment in addressing the motion to dismiss, it cannot consider the Defendant's arguments regarding the nature of his predicate felonies at this time.  The Defendant may re-urge his arguments in a Rule 29 motion at the conclusion of the evidence against him.

As to the Defendant's second argument, the Defendant seems to argue that even if he is a prohibited person under the statute, if he violated the statute *only just a little* by possessing only "one 'cartridge case,'" punishment for such would be "[in]consistent with our country's historical tradition of firearm regulation."  The court is not convinced.  Moreover, as the Government argues, the charges against the Defendant are based upon him shooting a gun at two individuals but only the one cartridge case was found at the scene.

The Defendant's motion to dismiss [Docket No. 23] is DENIED.  The Defendant may reassert his arguments in a Rule 29 motion.

**IT IS SO ORDERED** this 13th day of September, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**